UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN C.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C19-5300-MLP

ORDER

## I.     INTRODUCTION

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in assessing the medical evidence, and in discounting his testimony and his wife's testimony. (Dkt. # 8.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.     BACKGROUND

Plaintiff was born in 1975, has a high school diploma, and has worked in an auto repair shop and a boat dealership. AR at 254. Plaintiff was last gainfully employed in September 2007. *Id*.

ORDER - 1

In November 2015, Plaintiff applied for benefits, alleging disability as of September 1, 2007. AR at 15, 233-34. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 123-25, 127-28, 131-32. After the ALJ conducted hearings in May and October 2017 (*id*. at 29-107), the ALJ issued a decision finding Plaintiff not disabled before his date last insured ("DLI") of December 31, 2012. *Id.* at 15-24.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity between his alleged onset date (September 1, 2007) and his DLI.

Step two: Through the DLI, Plaintiff's multiple sclerosis was a severe impairment.

Step three: Through the DLI, this impairment did not meet or equal the requirements of a listed impairment.[2]

Residual Functional Capacity ("RFC"): Through the DLI, Plaintiff could have performed sedentary work with additional limitations: he could not have climbed ladders, ropes, or scaffolds, and could have occasionally climbed ramps and stairs, balanced, stooped, crouched, crawled, and kneeled. He could have tolerated occasional exposure to vibration and temperature and humidity extremes, but could not have been exposed to hazards such as open water, open flame, open heights, and open machinery. He could not have engaged in commercial driving. He could have occasionally used bilateral foot controls and could have performed frequent, but not continuous, handling and fingering bilaterally.

Step four: Through the DLI, Plaintiff could not have performed any past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff could have performed through the DLI, Plaintiff was not disabled prior to the DLI.

AR at 15-24.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court.

---

[1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV. DISCUSSION

**A. The ALJ Did Not Err in Assessing the Medical Evidence**

Plaintiff argues that the ALJ erred in assessing the medical evidence, by improperly discounting the opinion of treating physician Nicola Walker, M.D., and failing to account for other medical evidence that is inconsistent with the ALJ's RFC assessment. The Court will consider each of Plaintiff's arguments in turn.

*1. Legal Standards*

If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state his/her conclusions. "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at 725.

The "final responsibility" for decision issues such as an individual's RFC "is reserved to the Commissioner." Social Security Ruling 96-5p, 1996 WL 374183 (Jul. 2, 1996). *Accord* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2), 404.1546(c), 416.946(c). That responsibility includes "translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r of Social Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)). An RFC finding need not directly correspond to a specific medical opinion. *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012). The ALJ may incorporate the opinions of a physician by assessing RFC limitations entirely consistent with, but not identical to limitations assessed by the physician. *See Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010).

*2. Dr. Walker's Opinion*

Dr. Walker treated Plaintiff twice in 2009, and then apparently did not see him again until 2017, when she wrote a letter at his request describing his condition. *See* AR at 395, 405, 513.

Dr. Walker's 2017 letter reads:

> [Plaintiff] was diagnosed with multiple sclerosis in March 2009. He presented with loss of vision. That improved with treatment but did not completely resolve. He was seen again October 2009 when he noted that he had increasing problems with his multiple sclerosis. He noted problems with his balance, loss of grip and leg strength as well as fatiguing easily. All of these symptoms were related to his multiple sclerosis and would make it difficult for him to work even a sedentary job. He was limited in his ability for fine motor work like typing or office work and his fatigue would limit the number of hours he could work any job.

*Id*. at 513. The ALJ gave little weight to this opinion because it was written almost five years after the DLI and is not consistent with medical records from the adjudicated period, which showed "some decreased vision and brisk reflexes in the left upper extremity, but intact motor bulk, tone, and strength, intact sensation, stable gait, negative Romberg, and intact cerebellar function with rapid alternating movements and finger-to-nose coordination[.]" *Id*. at 21 (citing *id*. at 457-58, 470, 492, 502).

Plaintiff contends that the timing of Dr. Walker's letter is not a legally sufficient reason to discount it, because she based her opinion on the 2009 treatment notes rather than the 2017 examination. (Dkt. # 8 at 8.) That may be true, but the ALJ pointed to treatment notes from other providers that were inconsistent with the limitations Dr. Walker described, which undermines the value of Dr. Walker's opinion five years later. *See* AR at 21; *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995) (explaining that although an ALJ may not discount a medical opinion merely because it post-dates the DLI, an ALJ may discount a post-DLI opinion that is inconsistent with pre-DLI evidence).

Plaintiff also argues that the ALJ erred in focusing only on the medical evidence that contradicts Dr. Walker's opinion, without acknowledging that some of the medical records corroborate Dr. Walker's opinion. (Dkt. # 8 at 9-10.) This argument overlooks the ALJ's discussion of that evidence in other parts of the decision, and also fails to highlight that the

"medical evidence" Plaintiff relies on consists of his self-reported symptoms documented by his providers. *See* AR at 19-20; dkt. # 8 at 9. The ALJ adequately considered and discussed the entire medical record and did not err in considering the extent to which Dr. Walker's opinion was consistent with the entire objective medical record. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record).

### 3. RFC Assessment

Plaintiff notes that the ALJ cited no medical opinions that contradict Dr. Walker's opinion and support the ALJ's RFC assessment. (Dkt. # 8 at 11.) That may be true, but it does not establish error in the ALJ's RFC assessment; in this case, it simply seems to reflect the relative dearth of medical evidence overall. Although Plaintiff goes on to contend that the lack of evidence triggers the ALJ's duty to further develop the record (dkt. # 8 at 11-13), the Court does not find that the record was inadequate or ambiguous, such that the ALJ should have further developed the record. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (holding that "[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence"). Plaintiff cites *Mendoza v. Barnhart* as support for his argument that the ALJ should have further developed the record, but this case is distinguishable because here, the record did contain Dr. Walker's opinion. *See* 436 F.Supp.2d 1110, 1116 (C.D. Cal. 2006) (holding that if "the administrative record does not contain any opinion by a treating or examining physician regarding plaintiff's RFC," then the ALJ should obtain "such an opinion"). That the ALJ discounted Dr. Walker's opinion does not render the record devoid of any opinion evidence.

//

## B. The ALJ Erred in Assessing Plaintiff's Subjective Testimony and his Wife's Testimony

The ALJ discounted Plaintiff's subjective testimony because he found that the medical evidence supported his RFC assessment, rather than Plaintiff's allegation of disability. AR at 19. The ALJ did discuss the medical evidence underlying his RFC assessment (*id.* at 19-20), but this does not satisfy the Ninth Circuit's requirement that an ALJ provide clear and convincing reasons to discount a claimant's subjective testimony. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 493-94 (9th Cir. 2015) (ALJ failed to provide specific reasons allowing for meaningful review where "she simply stated her non-credibility conclusion and then summarized the medical evidence supporting her RFC determination"). The ALJ did not link Plaintiff's testimony to any of the objective medical evidence to explain why the evidence contradicted Plaintiff's allegations, which is error. *See Brown-Hunter*, 806 F.3d at 493 (finding legal error where ALJ failed to identify the testimony discounted or to link testimony to contradictory medical evidence, and instead stated "only that she found, based on unspecified claimant testimony and a summary of medical evidence, that 'the functional limitations from the claimant's impairments were less serious than she has alleged'").

Because the Court finds error in the ALJ's assessment of Plaintiff's testimony, this error infects the ALJ's assessment of Plaintiff's wife's testimony as well. *See* AR at 21-22. The Commissioner concedes that much of the ALJ's assessment of Plaintiff's wife's testimony is erroneous, but argues that any error is harmless because the same reasons that support discounting Plaintiff's testimony apply to Plaintiff's wife's testimony. (Dkt. # 11 at 12-14.) This reasoning fails because, as explained above, the ALJ erred in discounting Plaintiff's testimony.

Although the Commissioner also attempts to argue in the alternative that the ALJ properly discounted Plaintiff's wife's testimony due to inconsistency with the objective medical

ORDER - 7

evidence (dkt. # 11 at 13), as explained above, the ALJ did not specifically identify any inconsistencies between the medical record and either Plaintiff's testimony or his wife's testimony. Accordingly, the Court finds harmful legal error in the ALJ's assessment of Plaintiff's wife's testimony.

The Court finds that the ALJ's errors in assessing Plaintiff's testimony and his wife's testimony should be remedied by a remand for further administrative proceedings, rather than for a finding of disability, because the scant objective medical evidence during the adjudicated period does not foreclose serious doubt as to whether Plaintiff was disabled before the DLI. *See Garrison v. Colvin*, 759 F.3d 995, 1020-21 (9th Cir. 2014). His symptoms have undoubtedly worsened since the DLI, as acknowledged by the Commissioner (dkt. # 11 at 15), but the record prior to the DLI contains conflicting evidence regarding his disability.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider Plaintiff's testimony and his wife's testimony, and any other parts of the decision as necessary.

Dated this 23rd day of September, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge